## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DIANA CAUSEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-638-JWD-RLB** |
| **COMMISSIONER OF SOCIAL SECURITY** | |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 5, 2024.

                                                **RICHARD L. BOURGEOIS, JR.**
                                                **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DIANA CAUSEY                                                              CIVIL ACTION

VERSUS                                                                         NO. 22-638-JWD-RLB

COMMISSIONER OF SOCIAL SECURITY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Diana Causey's ("Plaintiff") Letter Re: Reinstatement of Disability Benefits (the "Memorandum"); it is opposed (the "Opposition"). (R. Docs. 18, 20).

**I.   Background**

Plaintiff, through her *pro se* submissions, is asking this Court to reverse a denial of social security disability benefits. (R. Docs. 1, 18). The subject denial of social security disability benefits (the "Denial") was made on November 4, 2021 before an Administrative Law Judge ("ALJ"). (Tr. 19-27). On September 14, 2022, this Court received Plaintiff's complaint, but as Plaintiff did not comply with the procedures and deadlines for appealing a social security decision, this Court eventually issued a show cause Order on July 19, 2023, requiring Plaintiff to "either file the untimely Memorandum in Support of Appeal or otherwise show cause, in writing, why the claim against defendant(s) should not be dismissed for failure to prosecute and comply with the Court's orders." (R. Doc. 16 at 1, 2). On July 27, 2023, Plaintiff filed the instant Memorandum, and the Commissioner of Social Security ("Defendant") filed her Answer and her Opposition on September 25, 2023. (R. Docs. 18, 19, 20).

In her Memorandum, Plaintiff explains that she has thus far delayed her appeal because she was soon to "turn[] 62 years old" and "thought [she] could wait until [a] return appointment with [her] doctor[.]" (R. Doc. 18 at 1). She states that she "would like [her] health concerns [to]

be heard rather th[a]n why [her] filing was delay[ed]." (R. Doc. 18 at 2). Plaintiff mentioned neither her health conditions nor any errors of the ALJ. (R. Doc. 18).

Defendant asserts that "[n]ot only has [Plaintiff] failed to identify any specific error in the Commissioner's decision, but that decision is substantially supported by record evidence." (R. Doc. 20 at 1). Defendant points to numerous sections of the record to show that the ALJ's Denial was supported by substantial evidence and reminds this Court that it need "'not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf.' *United States v. Grigsby*, 635 F. Supp. 3d 467, 483 (M.D. La. 2022) (citation and internal quotation marks omitted)."  (R. Doc. 20 at 7).

## II.    Law and Analysis

### A.    Legal Standards

This Court's review of the ALJ's decision is limited to an inquiry into whether there is "substantial evidence" to support the findings of the ALJ and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Falco v. Shalala,* 27 F. 3d 160, 162 (5th Cir.1994); *Carey v. Apfel,* 230 F. 3d 131, 134-35 (5th Cir. 2000); *Hamilton-Provost v. Colvin,* 605 F. App'x 233, 236 (5th Cir. 2015). Substantial evidence, the Supreme Court has said, is "more than a mere scintilla." *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019) (citations omitted). "It means . . . 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quotations and citations omitted). The Fifth Circuit has held that substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but no substantial evidence will be found only where there is a conspicuous absence of credible choices or no contrary medical evidence." *Bailey v. Saul,* 853 F. App'x 934, 935 (5th Cir. 2021) (citations omitted). "The court may not reweigh the evidence, try the case de novo, or substitute its own judgment for that of the commissioner even if it finds that the evidence

preponderates against the commissioner's decision." *Bonds v. Colvin,* No. CIV. A. 13-417-JJB, 2014 WL 4470732, at *1 (M.D. La. Sept. 10, 2014) (citations omitted).

In determining disability, an ALJ works through a five-step evaluation process that considers "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals an impairment listed in the regulations; (4) whether the claimant is capable of returning to his previous work; and (5) whether the claimant is capable of performing any other work." *Hamilton-Provost,* 605 F. App'x at 236 (citations omitted); *See* 20 C.F.R. § 404.1520(a). If the claimant is successful at all four of the preceding steps, the burden shifts to the ALJ to prove, considering the claimant's residual functional capacity ("RFC"), age, education and past work experience, that he or she is capable of working. 20 C.F.R § 404.1520(g)(1). If the ALJ proves other work exists that the claimant can perform, the claimant is given the chance to prove that he or she cannot, in fact, perform that work. *Hamilton-Provost,* 605 F. App'x at 236.

### B.    The ALJ's Determination

After reviewing the evidence now present in the record, the ALJ issued a decision on November 4, 2021, making the following determinations. (Tr. 19-27).

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2025. (Tr. 21).

2. The claimant has not engaged in substantial gainful activity since March 20, 2020, the alleged onset date (20 CFR 404.1571 *et seq.*). (Tr. 21).

3. The claimant has the following severe impairments: left plantar fasciitis, type II diabetes mellitus (DM), and degenerative disc disease (DDD) of the cervical spine (20 CFR 404.1520(c)). (Tr. 22).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). (Tr. 22).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except she can never climb ladders, ropes, or scaffolds, and should avoid exposure to unprotected heights and hazardous machinery. The claimant cannot operate a motor vehicle. The claimant cannot perform work that requires more than frequent near or frequent far acuity, and should avoid concentrated exposure to dust, odors, fumes and pulmonary irritants. (Tr. 24).

6. The claimant is capable of performing past relevant work as a customer complaint clerk (DOT #241.367-014), administrative assistant (DOT #169.167-010), and a medical assistant (DOT #079.362-010). This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565). (Tr. 26).

7. The claimant has not been under a disability, as defined in the Social Security Act, from March 20, 2020, through the date of this decision (20 CFR 404.1520(f)). (Tr. 27).

C.     Analysis

In the Middle District of Louisiana, the Local Rules require that a party support his or her arguments with "concise statement[s] of reasons . . . and citations of authorities." Local Rule 7(d). "[T]his Court has [also] repeatedly admonished that it will not speculate on arguments that have not been advanced, or attempt to develop arguments on a party's behalf." *Johnson v. Cooper T. Smith Stevedoring Co., Inc.,* 610 F. Supp. 3d 867, 873 (M.D. La. 2022), *aff'd,* 74 F. 4th 268 (5th Cir. 2023) (citing *N. Frac Proppants, LLC v. Regions Bank, NA*, No. 19-cv-00811, 600 F. Supp. 3d 644, 655 n. 9 (M.D. La. Apr. 29, 2022) (citing authorities)). Thus, the Scheduling Order in this matter expressly required Plaintiff to "specify the errors alleged in the administrative decision and set forth plaintiff's factual and legal arguments concerning the same." (R. Doc. 5 at 1). Plaintiff has, however, failed to do so. (R. Docs. 1, 18).

Plaintiff's failure to set forth any factual or legal arguments regarding the ALJ's decision is crucial as a party often waives issues by failing to adequately brief them. *See Monteon-*

5

*Camargo v. Barr,* 918 F. 3d 423, 428 (5th Cir. 2019), *as revised* (Apr. 26, 2019) (citing *United States v. Martinez*, 263 F. 3d 436, 438 (5th Cir. 2001) ("Generally speaking, a [party] waives an issue if he fails to adequately brief it."); *See also Murphy v. Edgefield Holdings, L.L.C.,* No. 23-20016, 2023 WL 4763331, at *3 (5th Cir. July 26, 2023) (citation omitted) ("Parties that fail to adequately brief an issue on appeal waive any arguments on that issue."). This Court finds this to be the case here, and concludes that Plaintiff has waived any arguments she may have in support of a reversal of the ALJ's decision. In addition, the Court finds that the ALJ's decision is supported by substantial evidence.[1] (R. Doc. 18).

At best, Plaintiff appears to allege that she has had another doctor appointment since the date of the ALJ's Denial. (R. Doc. 18). Obviously, any subsequent doctor appointments is outside of the relevant time period and not available for this Court's review.

The district court may remand the case if "there is new evidence which is material and . . . there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *See* 42 U.S.C. § 405(g). Evidence is material if there is "a reasonable possibility that it would have changed the outcome of the [ALJ's] determination." *Schuler v. Saul,* 805 F. App'x 304, 306 (5th Cir. 2020) (citing *Latham v. Shalala,* 36 F. 3d 482, 483 (5th Cir. 1994). Plaintiff's potential new evidence did not exist until after the ALJ's decision, so it is not probative as to whether Plaintiff was disabled at the time the ALJ issued his decision. *Hamilton-Provost*, 605 F. App'x at 238-39. Thus, there is no possibility it could have changed the outcome of Plaintiff's disability determination. *Latham,* 36 F. 3d at 483. Plaintiff's doctor appointment is only relevant as evidence of subsequent deterioration of a non-disabling condition. Such

---

[1] Defendant's Opposition details the portions of the record that support the ALJ's decision, and this Court agrees that these record portions provide substantial evidence in support of the ALJ's decision. (R. Doc. 20). As the record shows Plaintiff can perform light work and Plaintiff's past work was light work, the ALJ's decision should be affirmed.

6

evidence need not addressed on remand; rather, a new claim may be appropriate. *Id*; *Hamilton-Provost,* 605 F. App'x at 238 (citing *Johnson v. Heckler,* 767 F. 2d 180, 183 (5th Cir. 1985) ("[S]ubsequent deterioration . . . may form the basis for a new claim.")).

### III.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that the decision of the ALJ be **AFFIRMED** and that Plaintiff's appeal be **DISMISSED with prejudice.**

Signed in Baton Rouge, Louisiana, on February 5, 2024.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**