**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DIANNA CAUSEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-638-JWD-RLB** |
| **COMMISSIONER OF SOCIAL SECURITY** | |

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 1, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DIANNA CAUSEY                                       CIVIL ACTION

VERSUS                                              NO. 22-638-JWD-RLB

COMMISSIONER OF SOCIAL SECURITY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Dianna Causey's ("Plaintiff") Motion for Reconsideration of the Judgment and General Order (the "Motion"). (R. Doc. 26). The Motion is unopposed.

**I.     Background**

Plaintiff, through her *pro se* submissions, asked this Court to reverse a denial of social security disability benefits. (R. Docs. 1, 18). On September 14, 2022, this Court received Plaintiff's complaint, but as Plaintiff did not comply with the procedures and deadlines for appealing a social security decision, this Court eventually issued a show cause Order on July 19, 2023, requiring Plaintiff to "either file the untimely Memorandum in Support of Appeal or otherwise show cause, in writing, why the claim against defendant(s) should not be dismissed for failure to prosecute and comply with the Court's orders." (R. Doc. 16 at 1, 2). On July 27, 2023, Plaintiff filed her Memorandum in Support of Appeal, and the Commissioner of Social Security filed her Answer and her Opposition on September 25, 2023. (R. Docs. 18, 19, 20).

In her Memorandum in Support of Appeal, Plaintiff explains that she had delayed her appeal because she was soon to "turn[] 62 years old"[1] and "thought [she] could wait until [a] return appointment with [her] doctor[.]" (R. Doc. 18 at 1). She stated she "would like [her] health concerns [to] be heard" but mentioned neither her health conditions nor any errors of the ALJ.

---

[1] Her prior attorney advised she "wait until [she] turned age 62 and file for retirement benefit[.]" (R. Doc. 22 at 1).

2

(R. Doc. 18 at 2). This Court found that Plaintiff's Memorandum in Support of Appeal included no legal arguments and revealed only facts that would have been irrelevant to the social security administrative law judge's ("ALJ") decision. (R. Doc. 21). Finding that the ALJ's decision was supported by substantial evidence, this Court recommended that Judge John W. deGravelles ("Judge deGravelles") affirm the decision of the ALJ. (R. Doc. 21). On February 16, 2024, Plaintiff filed an objection, explaining that "looking further into [her] medical and mental abilities will be enough [for this Court] to reconsider [its] finding[.]" (R. Doc. 22 at 2). Plaintiff detailed her health issues, including cataracts, numbness in her legs, neuropathy, an inability to stand for more than 30 minutes, and a need for eye surgery. (R. Doc. 22). She also noted her "eye[]s are steadily getting cloud[i]er until the point of no seeing due to [F]uch[s]'s dystrophy which no one bother[ed] to include with [her] finding of capability." (R. Doc. 22 at 4).

On February 22, 2024, Judge deGravelles adopted this Court's recommendation and dismissed Plaintiff's appeal. (R. Doc. 23). This was docketed on February 23, 2024 and a Judgment was entered the same day. (R. Docs. 23, 24). Twenty-seven (27) days later, Plaintiff filed the subject Motion. (R. Doc. 26). Plaintiff is "asking the Magistrate Judge the reasoning for [his] decision when it is clear [she] is no longer able to work[.]" (R. Doc. 26 at 1). Plaintiff explains that she (i) "recently had an MRI done that came back with the results of arthritis in the bone across [her] back that has deteriorated and cause[d] damage to the nerves that shoot down [her] leg[,]" and (ii) "has been place[d] on [a] donor list for surgery for cornea replacement[.]" (R. Doc. 26 at 1, 2).

**II.    Law and Analysis**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F. 3d 336, 339 (5th Cir. 1997). Nevertheless,

3

a "motion asking the court to reconsider a prior ruling is evaluated either as a motion to 'alter or amend a judgment' under [Fed. R. Civ. P.] 59(e) or as a motion for 'relief from a final judgment, order, or proceeding' under [Fed. R. Civ. P.] 60(b)." *Demahy v. Schwarz Pharma, Inc.*, 702 F. 3d 177, 182 n. 2 (5th Cir. 2012). "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under [Fed. R. Civ. P.] 59[.]" *Id.* (citation omitted). As Plaintiff's Motion was filed on March 7, 2024, less than 28 days after the Court entered its Judgment, this Court finds it was filed under Fed. R. Civ. P. 59. (R. Docs. 24, 26). "[Fed. R. Civ. P.] 59(e) motions serve 'the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Allen v. Envirogreen Landscape Prof'ls, Inc.*, 721 F. App'x 322, 328 (5th Cir. 2017) (citing *Templet v. HydroChem Inc.*, 367 F. 3d 473, 478 (5th Cir. 2004)). "Accordingly, a motion for reconsideration 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'" *Id*.

Courts have considerable discretion in deciding whether to grant such a motion. *Edward H. Bohlin Co., Inc. v. The Banning Co., Inc.*, 6 F. 3d 350, 355 (5th Cir. 1993). In exercising its discretion, a court must balance "two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Id* (citation omitted). "Because of the interest in finality, motions may only be granted if the movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously." *Robertson-CECO Corp. v. Lab Project Resource Group, Inc.*, 2006 WL 2224759, *1 (E.D. La. Aug. 2, 2006).

Plaintiff appears to be asking this Court to reconsider its decision because i) Plaintiff's medical conditions have worsened since the ALJ's decision and ii) her Fuchs's dystrophy was allegedly not included in her residual functional capacity ("RFC"). (R. Docs. 22, 26).

As this Court has explained, it often cannot reverse or remand an ALJ's decision based on medical evidence that became available after the ALJ's decision. (R. Doc. 21). A district court may only remand a case if "there is new evidence which is material and . . . there [wa]s good cause for the failure to incorporate such evidence into the record[.]" *See* 42 U.S.C. § 405(g). Evidence is material if there is "a reasonable possibility that it would have changed the outcome of the [ALJ's] determination." *Schuler v. Saul,* 805 F. App'x 304, 306 (5th Cir. 2020) (citing *Latham v. Shalala,* 36 F. 3d 482, 483 (5th Cir. 1994)). Because Plaintiff's new medical evidence has only come to exist since the ALJ's decision, it is not probative as to whether Plaintiff was disabled at the time the ALJ issued her decision. *Id*. Thus, neither remand nor reversal are available, even if a new claim may be made. *Latham,* 36 F. 3d at 483 (citation omitted).

As for Plaintiff's argument that her Fuchs's dystrophy was not incorporated into her RFC, this Court finds it was incorporated. (R. Doc. 22). In her assessment of Plaintiff's RFC, the ALJ discussed many doctor's opinions regarding Plaintiff's "need for glasses" and her Fuchs's dystrophy. (Tr. 25). From this information, even though Plaintiff's Fuchs's dystrophy was not considered a severe impairment, the ALJ incorporated Plaintiff's visual difficulties into her RFC by noting Plaintiff "cannot perform work that requires more than frequent near or frequent far acuity[.]" (Tr. 22, 24). Thus, this Court will not reconsider its decision based on Plaintiff's assertion that her Fuchs's dystrophy was not included in her RFC. It will also not reconsider its decision because a motion for reconsideration is "*not* the vehicle for raising arguments that could

5

have been raised before the entry of the challenged order." *Dixon v. D.R. Horton, Inc. - Gulf Coast*, No. 22-01005, 2023 WL 2486587, at *2 (M.D. La. Feb. 24, 2023) (citations omitted).

Plaintiff offers no viable reason for this Court to reconsider its previous affirmation of the ALJ's decision. As "[m]otions for reconsideration are extraordinary remed[ies to] be used sparingly in the interest of finality[,]" this Court does not recommend reconsideration. *Id.*

### III. Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Motion for Reconsideration of the Judgment and General Order (R. Doc. 26) be **DENIED**.

Signed in Baton Rouge, Louisiana, on May 1, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**